JAMES HOOD and CHARLES SEELEY v. EPHRAIM RILEY.

In an action brought by partners, it is competent for the defendant to claim a credit for merchandize furnished one of the firm, under an agreement, that the price was to be credited to him, on the books of the firm.

This was an action of debt brought by Hood & Seeley, against Riley, for a balance due them, for goods sold and delivered by them as partners. On the trial before the Justice, a verdict was rendered for the defendant, and judgment accordingly, with costs. From this judgment, they appealed, and the new trial in the Court of Common Pleas, issued in the same result.

From the case stated, and upon inspection of the proceedings certified into this court, it appears that the plaintiffs upon the copy of their account filed, gave the defendant, credit to the amount of $31.50, for carting *three* several parcels of wood.— The defendant filed a plea of *nil debet*, in writing; to which he annexed an account against the plaintiffs, amounting to $63.75, for carting for the firm, several parcels of wood ; the last three of which, were the same in date and amount, with those credited to him, by the plaintiffs. On the trial, there seems to have been no dispute as to the amount of the respective accounts ; but the plaintiffs insisted, that the first charge for carting wood, amounting to $32.25, was the proper debt of Hood, one of the partners, and not chargeable to the firm. The defendant insisted that the wood belonged to Hood, and was carted for him, yet that by an agreement between the defendant and the firm, he was to receive his pay, partly in cash from Hood, and partly out of the plaintiffs' store in goods, and that the merchandize charged in their account against the defendant, had been received by him on the foot of that agreement.

To sustain this defence, the defendant called a witness who testified, that he carted the wood in question, or a part of it for the defendant, and placed it on what was called, and he understood to be, Hood & Seeley's wharf—that Hood measured the first quantity, being 21½ cords and put it down in a little book— that soon after he commenced carting, Hood told him, that some money was to be paid for carting, and the rest in trade out

of the store—that neither the defendant nor Seeley was present at the time—the rest of the wood was measured by the clerk of plaintiffs, and the carting credited by him, to the defendant, on the plaintiffs' books—but he refused to credit in like manner, the first parcel, which had been measured by Hood, although requested by the witness to do so. The witness further testified, that he received at the store, some of the goods charged in plaintiffs' account, that they were delivered to him by the clerk, but that Seeley was sometimes present in the store, though the witness had no conversation with him on the subject, and no recollection that any of the goods were delivered to him by Seeley, or by Hood. It further appeared in evidence, that the wharf was rented by the firm of Hood & Seeley ; but that the wood belonged to Hood only. The defendant in his book, which was called for by the plaintiffs, had charged the carting of all the wood, to Hood alone.

The plaintiffs then moved the court to overrule the evidence on the part of the defendant, as unlawful ; but the court refused so to do. After the counsel had summed up, the court charged the jury, " that the firm of Hood & Seeley, were not under obligation to pay the debts of Hood, any further than they had by their own acts rendered themselves liable to do so. That Riley did not demand any balance from Hood & Seeley, but insisted that the goods received out of their store, were delivered to him *by the firm*, in payment, or on account of the carting done by him for Hood, and that it rested with the jury, upon the evidence before them, to determine whether Seeley, as well as Hood, had consented to such an arrangement—and if the jury considered the assumption on the part of the firm, sufficiently proved, then they ought to allow Riley's account for carting, as a set off to the plaintiffs' account."

*L. Q. C. Elmer*, for plaintiffs.

*Ellet, contra.*

The opinion of the Court was delivered by

HORNBLOWER, C. J. The only question is, whether there was any evidence in the cause, of a joint assumption by the plaintiffs, to deliver goods in part payment for the carting. If

Hood and Seeley *v.* Riley.

there was, then I can perceive no error in the charge delivered by the court.

That there was such evidence, though not of the most convincing character, I think is very clear. The defendant proved a contract with Hood, to cart *wood for* him, for which the defendant was to receive his pay, partly in money from Hood, and partly in goods out of the store. If this had been all, the evidence ought to have been overruled. But we find the clerk of the firm, acting upon the basis of such arrangement. Three out of the four parcels of wood, were measured by him, and the price of carting, carried to the credit of the defendant. This was not an unauthorized act of the clerk, for it is adopted and acted upon by *the firm—they* recognise the transaction, by suing for the balance only. There may be a reason, why the *firm* should not allow for carting the first parcel ; but they show none. There is but *one entire* contract proved between Hood and the defendant, and the *firm* were under no more obligation to deliver goods in payment for one part of the carting, than they were for another. But since they have admitted these assumptions, to deliver goods in payment for the carting, by crediting a portion of it, a jury may from that, infer *their* agreement and consequent obligation to deliver goods generally according to the terms of the contract. This inference, the plaintiffs might have rebutted, by showing that their assumption related only to the last three parcels of wood; but they have not done so. If the whole bill for carting, is allowed, it will more than liquidate the store accounts, and leave a balance of five or six dollars to be paid in money, according to the contract between Hood and the defendant.

Upon the whole, therefore, I think the judgment must be affirmed.

An error is assigned by the plaintiffs, in the judgment for costs. But I cannot find among the papers, any materials, by which to ascertain, whether the costs are excessive or not.—There seems to be some specification of the items indorsed on one of the papers, making up the sum of $4.69—but I cannot decypher it. The justice gave judgment for defendant, for $4.70 costs. This was affirmed by the Common Pleas. If that

sum embraces costs not chargeable to the defendant, it is wrong, and upon that fact being shown, the judgment as to costs, must be reversed.

FORD, J. and RYERSON, J. concurred.

*Judgment affirmed.*